FILED

13 SEP 16 PM 4: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: apl                     DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO SIORDIA SALDIVAR,<br><br>                                  Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                 Respondent. | CASE NOS. 12-CV-2345 BEN<br>                     12-CR-948 BEN-1<br><br>**ORDER DENYING**<br>**28 U.S.C. § 2255 MOTION** |

      Petitioner Gerardo Siordia Saldivar moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence based on his alien status and challenges Bureau of Prisons' policies which preclude him from participating in certain pre-release programs. Both because he waived the right to challenge his sentence and because his Equal Protection argument lacks merit, the Court **DENIES** the motion.

**DISCUSSION**

    I.    **WAIVER**

      The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily made" and

1  "encompasses the defendant's right to appeal on the grounds claimed on appeal."
2  *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v.*
3  *Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)).

4      Petitioner waived his right to collaterally attack his sentence in his plea
5  agreement. Plea Agreement (Docket No. 19) ¶ XI. The plea agreement states,
6  "defendant waives, to the full extent of the law, any right to appeal or to collaterally
7  attack the conviction and sentence." *Id.* Petitioner's knowing and voluntary waiver
8  of his right to collaterally attack his sentence requires denial of his § 2255 motion.

9      **II.  EQUAL PROTECTION**

10      Petitioner filed the present motion under 28 U.S.C. § 2255, but his Equal
11  Protection challenge to the constitutionality of certain Bureau of Prisons' policies is
12  better construed as a challenge to the manner in which his sentence is being
13  executed under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864
14  (9th Cir. 2000) (per curiam) (instructing that petitions challenging the "manner,
15  location or conditions of a sentence's execution must be brought pursuant to §
16  2241"); *see also Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998)
17  (illustrating that challenges to Bureau of Prisons' policies are challenges to the
18  execution of an inmate's sentence). Construing his motion liberally, the Court
19  considers Petitioner's Equal Protection claim under 28 U.S.C. § 2241. *See Zichko v.*
20  *Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (noting a court's "duty to construe pro
21  se pleadings liberally").

22      Petitioner claims that Bureau of Prisons' policies that prevent him from
23  participating in certain programs due to his alien status violate his right to Equal
24  Protection. However, Bureau of Prisons policies preventing deportable aliens from
25  participating in certain programs survive constitutional challenge. *Cf. McLean v.*
26  *Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (finding BOP exclusion of prisoners
27  with detainers, including INS detainers, from community-based program based on
28  petitioners' alien status did not violate Equal Protection).

1	Additionally, a number of district courts have also found that policies
2	preventing alien prisoners from participating in certain pre-release programs are
3	also justified because the purpose of the program — helping prisoners reenter the
4	community after serving their sentence — is not advanced in the case of prisoners
5	who will be deported upon release. *See Lizarraga-Lopez v. United States*, 89 F.
6	Supp. 2d 1166, 1169-70 (S.D. Cal. 2000) (upholding deportable alien's ineligibility
7	for community confinement); *United States v. Rodas-Jacome*, No. 06-CV-1481,
8	2007 WL 1231630, at *4 (S.D. Cal. Apr. 24, 2007) (upholding restrictions for alien
9	prisoners to obtain "good time" credits in rehabilitation programs). Because
10	deportable alien prisoners pose a greater flight risk and the public policy
11	justifications for pre-release programs are inapplicable, the challenged policies
12	survive constitutional scrutiny and Petitioner's Equal Protection claim fails. The
13	Court also denies relief under § 2241.
14	The Court **DENIES** a certificate of appealability because the issues are not
15	debatable among jurists of reason and there are no questions adequate to deserve
16	encouragement.

## CONCLUSION

18	Petitioner's motion is **DENIED**. The Clerk shall close case number 12-CV-
19	948 BEN-1.
20	**IT IS SO ORDERED.**

22	DATED: September 6, 2013

HON. ROGER T. BENITEZ
United States District Judge